---

### DISTRICT COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

DONNA HEYWOOD,

          **Plaintiff,**

          v.

HERBERT I. HORWITZ,
VIRGIN ISLANDS HOUSING
AUTHORITY INSURANCE,
VIRGIN ISLANDS HOUSING AUTHORITY,

          **Defendants.**

_____

1:24-cv-00017-RAM-EAH

**TO:**    **Donna Heywood, Pro Se**

### REPORT & RECOMMENDATION

**THIS MATTER** comes before the Court following a March 16, 2026 hearing that the Court had set that directed Donna Heywood, the Plaintiff appearing pro se and fee paid, to show cause why her case should not be dismissed for failure to serve the Defendants. Ms. Heywood did not appear at the hearing, despite her being served via email and by certified mail. The Court recommends to the District Judge that this case be dismissed for failure to properly serve the defendants in the nineteen months that it has been on the docket.

### BACKGROUND

Plaintiff Donna Heywood commenced this action in August 2024 against Defendants Herbert I. Horwitz, the Virgin Islands Housing Authority Insurance, and the Virgin Islands Housing Authority. Dkt. No. 1. Summonses were issued, Dkt. Nos. 2, 3, 6 and were returned executed, Dkt. Nos. 7-9. The three proofs of service showed that Ms. Heywood personally served "Ms. Joseph" at the "[unintelligible] Main Office, St. Croix, U.S.V.I." *Id.* In October 2024,

*Heywood v. Horwitz*
1:24-cv-00017-RAM-EAH
Report & Recommendation
Page 2

the Court issued an Order stating that it was concerned that the case had not progressed, and that it appeared that Ms. Heywood was not familiar with the Federal Rules of Civil Procedure providing that a party could not herself serve a copy of the summons and complaint. Dkt. No. 10. The Order set a status conference that was eventually continued to December 13, 2024. Dkt. No. 14.

At the status conference, Ms. Heywood stated that she would seek to retain counsel and asked for sixty days in order to do so. The Court issued an Order later that day setting a February 11, 2025 deadline for her to obtain counsel, and setting a February 18, 2025 status conference. Dkt. No. 21. At that status conference, Ms. Heywood informed the Court that she had obtained representation from Attorney Yohana Manning, whose secretary had taken some papers from her, but she had not heard from Attorney Manning since that time. The Court determined that Ms. Heywood had made an effort to move her case forward and would grant her a final extension of time to serve the Defendants. In an Order issued following the status conference, the Court set an April 11, 2025 deadline for Ms. Heywood to properly serve the Defendants. Dkt. No. 30. The Order provided: "[f]ailure to effectuate service by that date will result in a recommendation that [the] case be dismissed." *Id.*

In the meantime, the Court granted Ms. Heywood's motion for permission to use electronic case filing. Dkt. No. 26.

On April 10, 2025, Ms. Heywood filed proofs of service showing that a process server had served all three Defendants through Esther Joseph. The Proofs of Service indicated that

*Heywood v. Horwitz*
1:24-cv-00017-RAM-EAH
Report & Recommendation
Page 3

Ms. Joseph was the Asset Manager at the "V.I. Housing Authority Finance," Dkt. No. 35, and also at the "V.I. Housing Authority." Dkt. No. 36.

None of the Defendants have appeared and no counsel has appeared on Ms. Heywood's behalf.

On March 4, 2026, the Court issued an Order directing Ms. Heywood to show cause in a written submission by March 11, 2026 why this matter should not be dismissed for failure to properly serve the Defendants. Dkt. No. 39. Ms. Heywood submitted a response on March 9, 2026 that is difficult to follow, but in essence blamed Court employees for her problems in serving the Defendants. Dkt. No. 40. The Court then set a Show Cause Hearing for March 16, 2026 at 11:00 a.m. to "discuss how or whether this case shall proceed," particularly given that none of the Defendants have been properly served and none have appeared in a case that was filed in August 2024. Dkt. No. 41. The Court sent the Order to Ms. Heywood by CM/ECF, as she had been granted use of the electronic case filing system, and by certified mail, return receipt requested.

At the March 16, 2026 hearing, the Court waited for Ms. Heywood to appear. After a half-hour, the Court reviewed the history of the case and stated that Ms. Heywood had failed to move her case forward by insuring the Defendants were properly served. She had also failed to appear to explain what issues she may be encountering that prevented her from effecting proper service. As a result, the Court stated it would recommend to the District Judge that the case be dismissed.

*Heywood v. Horwitz*
1:24-cv-00017-RAM-EAH
Report & Recommendation
Page 4

## DISCUSSION

### A.  Applicable Rule and Case Law

Federal Rule of Civil Procedure 4(m) governs the timeframe for service of a summons

and complaint. It provides, in pertinent part:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the
> complaint is filed, the court—on motion or on its own after notice to the plaintiff—
> must dismiss the action without prejudice against that defendant or order that service
> be made within a specified time. But if the plaintiff shows good cause for the failure,
> the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Third Circuit has equated good cause under Rule 4(m) with the concept of

excusable neglect, "which requires a demonstration of good faith on the part of the party

seeking an enlargement and some reasonable basis for noncompliance within the time

specified in the rules." *Mathies v. Silver*, 450 F. App'x 219, 222 (3d Cir. 2011) (internal

quotation marks omitted). The factors a court should consider in evaluating whether good

cause exists are: "(1) the reasonableness of the plaintiff's efforts to effect service; (2)

prejudice to the defendant because of untimely service; (3) whether the plaintiff has moved

for an enlargement of time; and (4) whether the statute of limitations will bar the plaintiff's

claims if the action is dismissed." *Hamilton v. Hamilton,* No. 4:19-CV-01517, 2020 WL

487128, at *1–2 (M.D. Pa. Jan. 30, 2020) (citing *Mathies*, 450 F. App'x at 222). A mistake of

law "does not rise to the level of exhibiting a reasonable basis for . . . noncompliance with

*Heywood v. Horwitz*
1:24-cv-00017-RAM-EAH
Report & Recommendation
Page 5

service requirements." *McLaughlin v. Amazon.com*, No. 23-cv-839, 2024 WL 3951060, at *4 (M.D. Pa. Aug. 27, 2024).

If a mandatory extension of service does not apply, a court must address whether to grant a discretionary extension of service and consider the following factors: "(1) actual notice of the legal action; (2) prejudice to the defendant; and (3) other relevant factors." *Id.* (citing cases). Moreover, the Third Circuit has cited the Advisory Committee Notes to Rule 4 to guide courts in determining whether a discretionary extension may be warranted: "(1) if the applicable statute of limitations would bar the refiled action; (2) if the defendant is evading service or concealing a defect in attempted service; and (3) if the plaintiff is appearing pro se." *Id.* A finding "of one of these factors does not necessitate an extension of time, and whether or not an extension for service is warranted remains at the discretion of the district court." *Id.* (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995) and *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x. 113, 116 (3d Cir. 2009) (holding that district court did not abuse its discretion by denying extension of time where defendants had actual notice of claims and statute of limitations on plaintiff's claim had run)).

## B. Application

The Court has granted Ms. Heywood two extensions of time in which to properly serve the Defendants. *See* Dkt. No. 21 (December 2024 Order); Dkt. No. 30 (February 28, 2025 Order). At this point, the 90-day period provided in Rule 4(m) has long passed, and the

*Heywood v. Horwitz*
1:24-cv-00017-RAM-EAH
Report & Recommendation
Page 6

Court cannot find that Ms. Heywood has shown good cause at this point for her failure to serve the Defendants under Rule 4(m) that would support a mandatory extension of service.

The Court concludes that Ms. Heywood has not shown good cause to support a discretionary extension of time to serve the Defendants either (even if she had asked for one). While she has been litigating pro se, she also recognized the importance of retaining an attorney, if only to assist her in properly serving the Defendants. But no attorney has filed a notice of appearance, and her service efforts have not proven successful. At this point, she also ignored a Court Order to Show Cause to explain why dismissal should not be recommended.

Moreover, the Defendants do not appear to have had actual notice of the lawsuit and nothing on the record shows that they may have been trying to evade service. It is unclear who Ms. Joseph is—the person who accepted service from both Ms. Heywood and the process server—or what agency she works for, as there is some confusion in the Proofs of Service as to whether she works for the Virgin Islands Housing Finance Agency or the Virgin Islands Housing Authority, which are two different agencies. *See* Dkt. Nos. 7-9, 34-36. At this point, prejudice to the Defendants must be considered, as the events referred to in the Complaint appeared to take place between 2018 and 2020, Dkt. No. 1, and the Defendants would be at a disadvantage trying to defend such stale claims. Finally, Ms. Heywood indicated that she was bringing her lawsuit pursuant to 42 U.S.C. § 1983, which has a two-year statute of limitations in the Virgin Islands. *Tyson v. Samuel*, No. 11-cv-0050, 2014 WL 1053102, at *2

*Heywood v. Horwitz*
1:24-cv-00017-RAM-EAH
Report & Recommendation
Page 7

(D.V.I. Mar. 19, 2014). Although the statute of limitations factor ordinarily weighs in favor of extending the service period, the opposite is true under the circumstances here. Statutes of limitations are intended to encourage "rapid resolution of disputes, repose for defendants, and avoidance of litigation involving lost or distorted evidence." *Romero v. Allstate Corp.,* 404 F.3d 212, 222 (3d Cir. 2005). Thus, "[t]he principal reason for statutes of limitations is to provide notice to defendants." *Dixon Ticonderoga Co. v. Estate of O'Connor,* 248 F.3d 151 (3d Cir. 2001). It appears that the statute of limitations may have already run at the point Ms. Heywood filed her Complaint in this Court and therefore an extension of time for service would not assist this case in going forward.

In sum, no factor weighs in favor of the Court exercising its discretion to extend the time for Ms. Heywood to serve the Defendants. *See Mathies v. Silver*, No. 04-cv-2882, 2011 WL 2293312, at *7 (D.N.J. June 8, 2011), *aff'd,* 450 F. App'x 219 (3d Cir. 2011) ("The record in this matter clearly demonstrates that Plaintiff received multiple extensions of time to complete service and that further extensions are unwarranted."); *Veal v. United States,* 84 F. App'x 253, 255 (3d Cir. 2004) ("Without the showing of good cause, the decision whether to grant the request for more time in which to serve, or to dismiss the complaint, falls squarely within the Court's sound discretion.") (internal quotation marks omitted).

Because the Defendants have not been served in over a year and a half, the Court recommends that this case be dismissed without prejudice under Rule 4(m). *Saleem v. Doe,*

*Heywood v. Horwitz*
1:24-cv-00017-RAM-EAH
Report & Recommendation
Page 8

850 F. App'x 135, 137 (3d Cir. 2021) (affirming dismissal under Rule 4(m) as without prejudice).

## CONCLUSION

Given that service on the Defendants has not be effected after a year and one-half, it is hereby **RECOMMENDED** that the Complaint be **DISMISSED WITHOUT PREJUDICE.**

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice, 28 U.S.C. § 636(b)(1), and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3.  Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge.  *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

ENTER:

Dated: March 17, 2026                 /s/ Emile A. Henderson III
                                      EMILE A. HENDERSON III
                                      U. S. MAGISTRATE JUDGE